*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0398p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

DENNIS DOZIER,

　　　　　*Plaintiff-Appellant,*

　　　*v.*

SUN LIFE ASSURANCE COMPANY OF CANADA,

　　　　　*Defendant-Appellee.*

No. 05-6598

---

Appeal from the United States District Court
for the Eastern District of Kentucky at London.
No. 04-00291—Danny C. Reeves, District Judge.

Argued: September 21, 2006

Decided and Filed: October 27, 2006

Before: MERRITT, SUTTON, and GRIFFIN, Circuit Judges.

---

**COUNSEL**

**ARGUED:** E. Douglas Richards, E. DOUGLAS RICHARDS, PSC, Lexington, Kentucky, for Appellant. Jeffrey C. Mando, ADAMS, STEPNER, WOLTERMANN & DUSING, PLLC, Covington, Kentucky, for Appellee. **ON BRIEF:** E. Douglas Richards, E. DOUGLAS RICHARDS, PSC, Lexington, Kentucky, for Appellant. Jeffrey C. Mando, ADAMS, STEPNER, WOLTERMANN & DUSING, PLLC, Covington, Kentucky, for Appellee.

---

**OPINION**

---

SUTTON, Circuit Judge. Dennis Dozier challenges the district court's dismissal of his employee-benefits suit for failure to exhaust administrative remedies, claiming that pursuing the administrative review process for one benefit after the insurance company had already rejected his application for a similar (though easier to obtain) benefit would have been futile. Because it indeed would have been futile for Dozier to ask the insurance company to find that he could not perform "any occupation" for which he was qualified (the eligibility requirement for obtaining a waiver of life insurance premiums) after the company had already concluded that he could perform his "own occupation" (making him ineligible for long-term-disability benefits), we reverse.

1

I.

In March 2001, Dennis Dozier injured his lower back and managed to work only intermittently after the injury. A year later, on March 19, 2002, his doctor recommended that he retire because he was "permanently incapacitated" and could not work. JA 153.

Through his employer, Dozier participated in long-term-disability and life insurance policies underwritten by Sun Life Assurance Company of Canada. The long-term-disability benefit applied to anyone "unable to perform the Material and Substantial Duties of his *Own Occupation*." JA 102 (emphasis added). The life insurance policy provided a waiver-of-premium benefit for disabled employees, which the policy defined as those "unable to perform the material and substantial duties of *any occupation* for which he is or becomes reasonably qualified for by education, training or experience." JA 81 (emphasis added).

Dozier applied for benefits under each policy through a single application form provided by Sun Life. On May 15, 2002, Sun Life issued a letter to Dozier denying his claim for long-term-disability benefits. The letter, signed by Beth Bixler from the LTD Claims group, identified his occupation as involving "sedentary" work and concluded that "you are not precluded from performing that type of work." JA 44. One week later, Sun Life issued a letter denying Dozier's claim for waiver-of-premium benefits. Signed by Kathy Barrick of the Life Claims group, the letter stated that "[t]he long term disability claim file indicated . . . that the findings in your medical records did not preclude you from performing sedentary work" and thus "[s]ince you are not Totally Disabled . . . we must deny this request for benefits." JA 41. The letter also noted that "this decision is solely related to your Waiver of Premium claim and does not directly [a]ffect your long term disability claim." *Id.* Each letter explained the process for filing an appeal from the insurance company's decision.

On July 2, 2002, Dozier sought administrative review of Sun Life's long-term-disability decision. According to the terms of the policy, Dozier had 180 days to decide whether to appeal either the long-term-disability or the waiver-of-premium decisions, and Sun Life had 90 days to issue a decision with respect to each potential appeal. On October 17, 2002, Sun Life notified Dozier that it would adhere to its initial decision in denying his long-term-disability claim and that "[a]ll administrative remedies ha[d] been exhausted and no additional information [would] be reviewed." JA 147. When Sun Life issued this letter, Dozier still had 32 days to seek administrative review of the harder-to-obtain benefit—the waiver of premiums.

Dozier filed a lawsuit in state court against Sun Life seeking long-term-disability and waiver-of-premium benefits. After Sun Life removed the case to federal court on diversity grounds, the district court ruled that Sun Life had mistakenly denied Dozier long-term-disability benefits and dismissed without prejudice his waiver-of-premium claim for failure to exhaust administrative remedies.

In response, Dozier asked Sun Life to review the denial of his waiver-of-premium claim. Sun Life declined, noting that Dozier was outside the 180-day window for appealing the decision.

Dozier filed a second action in state court regarding his waiver-of-premium claim, and Sun Life again removed the action to federal court. The district court dismissed Dozier's claim with prejudice because he had failed to exhaust his administrative remedies and because the time for seeking administrative review had expired.

II.

Acknowledging that he did not exhaust the administrative remedies available on his waiver-of-premium claim, Dozier argues that any administrative appeal would have been futile given the

reality that Sun Life had denied his long-term-disability appeal and indeed had done so before the time for appealing the other claim had expired. While "application of the administrative exhaustion requirement in an ERISA case is committed to the sound discretion of the district court," *Fallick v. Nationwide Mut. Ins. Co.*, 162 F.3d 410, 418 (6th Cir. 1998), that discretion must be exercised "to excuse nonexhaustion where resorting to the plan's administrative procedure would simply be futile," *id.* at 419; *see id.* at 420 ("[W]hen resort to the administrative review process would be an exercise in futility, the exhaustion of remedies doctrine shall not apply.").

Generally speaking, we have applied the administrative-futility doctrine in two scenarios: (1) when the "Plaintiffs' suit [is] directed to the legality of [the plan], not to a mere interpretation of it," *Costantino v. TRW, Inc.*, 13 F.3d 969, 975 (6th Cir. 1994) (emphases omitted); *see also Fallick*, 162 F.3d at 420, and (2) when the defendant "lacks the authority to institute the [decision] sought by Plaintiffs," *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 719 (6th Cir. 2005). To meet the "quite restricted" standard for establishing administrative futility, we have required a litigant to "make a clear and positive indication" that further administrative review would have come to naught. *Fallick*, 162 F.3d at 419.

The "clear and positive indication" that Dozier had no reason to seek administrative review of his waiver-of-premium claim, it seems to us, came when Sun Life denied his long-term-disability claim on October 17, 2002. At that point, Dozier still had 32 days to seek administrative review of the waiver-of-premium claim but no rational reason for doing so. In denying the long-term-disability claim, Sun Life had made a final determination that Dozier was able to perform "the Material and Substantial Duties of *his Own* Occupation." JA 145 (emphasis added). That determination necessarily precluded him from arguing with a straight face to the same insurance company that he was "unable to perform the material and substantial duties of *any* occupation," JA 41 (emphasis added), the eligibility standard for obtaining the waiver-of-premium benefit. The denial of the easier-to-obtain claim precluded eligibility for the more-difficult-to-prove claim.

Under these circumstances, Dozier had every reason to believe that administrative review of the waiver-of-premium claim would have been pointless. Dozier could fairly assume that the same company would apply these two tests consistently, meaning that the denial of the one claim would foreclose eligibility for relief on the other. *See Paese v. Hartford Life & Accident Ins. Co.*, 449 F.3d 435, 449 (2d Cir. 2006) (noting that "Hartford's decision that Paese was not totally disabled from his 'own occupation' necessarily implies a decision that he was not totally disabled from 'any occupation'"); *Cilano v. Alstom Transp., Inc.*, No. 04-CV-6322 CJS, 2005 WL 139172, at *2–3 (W.D.N.Y. Jan. 18, 2005) ("Where as here a plaintiff has exhausted one claim but not another, he may demonstrate futility by showing that the two claims are so identical that the denial of one demonstrates with certainty that the other will also be denied.") (internal quotation marks omitted); *cf. Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996) (holding exhaustion required despite futility argument because "[t]he two claims are not so identical that Mobil's denial of the claim for separation benefits demonstrates with certainty that it would deny the ERISA claim as well").

Sun Life's handling of the two claims buttresses this conclusion. Dozier initially filed only an application for long-term-disability benefits. But because he also was potentially eligible for the waiver-of-premium benefit, Sun Life treated Dozier's single application as an application for both benefits, as required by the insurance company's policy. *See* JA 199 ("[I]f someone had LTD they don't need to file for Waiver and LTD, they only file for LTD."). Then, when Sun Life denied Dozier the waiver-of-premium benefit, it explained that Dozier was able to perform "any occupation" for which he was qualified—the test for eligibility—because "[t]he long-term-disability claim file indicated . . . that the findings in your medical records did not preclude you from performing" your "own occupation." JA 41. Quite understandably, in other words, the company

explained to Dozier that his ability to perform his "own occupation" showed that he could perform "any occupation."

Further supporting Dozier's decision to consider the company's action on the former application before appealing the latter one, Sun Life gave Dozier 180 days to seek administrative review of the decisions. Given the interconnectedness of the two applications and the policy's requirement that appeals must be decided within 90 days, Dozier was fully entitled to seek review of the easier-to-obtain benefit and wait to decide whether to seek review of the harder-to-obtain benefit until after a response from the company. And when Sun Life denied the long-term-disability benefit, the eligibility criteria for the two benefits made the appeal of the waiver-of-premium decision look utterly pointless to anyone save a litigation-hungry employee. "The law does not require parties to engage in meaningless acts or to needlessly squander resources as a prerequisite to commencing litigation." *Fallick*, 162 F.3d at 420 (internal quotation marks omitted).

Nor would an appeal of the waiver-of-premium claim have advanced any of the purposes of the judicially-created ERISA exhaustion requirement, namely:

(1) To help reduce the number of frivolous law-suits under ERISA.

(2) To promote the consistent treatment of claims for benefits.

(3) To provide a nonadversarial method of claims settlement.

(4) To minimize the costs of claims settlement for all concerned.

(5) To enhance the ability of trustees of benefit plans to expertly and efficiently manage their funds by preventing premature judicial intervention in their decision-making processes.

(6) To enhance the ability of trustees of benefit plans to correct their errors.

(7) To enhance the ability of trustees of benefit plans to interpret plan provisions.

(8) To help assemble a factual record which will assist a court in reviewing fiduciaries' actions.

*Constantino*, 13 F.3d at 975.

Sun Life has not explained how an administrative appeal of the waiver-of-premium benefit would advance any of these purposes. Nor can we think of any reason why it would do so. By not requiring exhaustion, in marked contrast, we would advance several of these goals: cost savings for the company and applicant; elimination of frivolous claims; timeliness in bringing the dispute to a close; and of course "the consistent treatment of claims for benefits." *Id.* The last point may be the most important: Courts and applicants may fairly assume that a company will treat benefits claims consistently and coherently; they should not be required to insist on exhaustion on the assumption that the company may have a bad day. Otherwise, the futility exception would never apply—as the specter of a mistake or inconsistent application of the plan's terms would always hold out the possibility of relief.

Sun Life persists that Dozier should have exhausted both claims because the company had independent units reviewing each claim, making it possible for the company to grant the harder-to-prove claim after denying the easier-to-prove claim. In support of this argument, Sun Life points to the testimony of Lesley Hanslope, the life insurance group manager, who said that even though her group considered the decision of the other group, the life insurance group theoretically could

have granted the waiver-of-premium claim even after the LTD group had denied the long-term-disability claim. She acknowledged, however, that such a decision would be "very rare," and neither she nor any other company employee could point to a single instance where that inconsistency had occurred. JA 198–99. The context of her testimony, moreover, shows that she was speaking of the two groups' *initial* decisions, not their authority to issue inconsistent decisions in the context of an administrative appeal. As to that, the record is silent. No authority to our knowledge exists for the proposition that the futility exception does not apply whenever it can be said—indeed it always can be said—that the company might make a mistake or exercise its discretion inconsistently in addressing two related applications.

In the end, we are left with two policies whose consistent interpretation would have required Sun Life to deny Dozier's application for the waiver-of-premium benefit, two policies that so far as the record shows have never been construed inconsistently and an individual applicant whose only sin was in assuming that the company would treat his administrative appeals in a consistent and coherent manner. The futility rule permitted him to act on that assumption, and accordingly the district court must process his claim.

III.

For these reasons, we reverse and remand the case for further proceedings consistent with this opinion.