IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 NORTHERN DIVISION 

DANIEL CASTLEBERRY, ) 
 ) 
 Plaintiff, ) 
 ) 
v. ) CASE NO. 2:19-CV-1025-WKW 
 ) [WO] 
THE LINCOLN NATIONAL ) 
LIFE INSURANCE COMPANY, ) 
 ) 
 Defendant. ) 

 MEMORANDUM OPINION AND ORDER 
Before the court is Defendant The Lincoln National Life Insurance 
Company’s Motion to Dismiss Plaintiff’s Claim for LTD Benefits or, in the 
alternative, Motion for Summary Judgment. (Doc. # 6.) Plaintiff Daniel Castleberry 
filed a response in opposition. (Doc. # 11.) After careful consideration of the 
arguments of counsel, the relevant law, and the record, the court finds that the motion 
to dismiss is due to be granted in part and denied in part and that the motion for 
summary judgment is due to be denied as moot. 
 I. JURISDICTION AND VENUE 
Subject matter jurisdiction is proper under 28 U.S.C. § 1331 and 29 U.S.C. 
§ 1132(e)(1) because Mr. Castleberry is seeking to enforce rights and recover 
benefits allegedly owed to him under a long-term disability policy governed by the 
Employment Retirement Income Security Act of 1974 (“ERISA”), as amended, 29 
U.S.C. § 1132(a)(1)(B). Personal jurisdiction and venue are not contested. 

 II. STANDARD OF REVIEW 
To withstand a motion to dismiss pursuant to Rule 12(b)(6), “a complaint must 
contain sufficient factual matter, accepted as true, to ‘state a claim to relief that is 

plausible on its face.’” Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell 
Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim that is facially 
plausible, a “plaintiff [must plead] factual content that allows the court to draw the 
reasonable inference that the defendant is liable for the misconduct alleged.” Id. A 

complaint must state “more than a sheer possibility that the defendant acted 
unlawfully.” Id. 
Normally, attaching outside materials to a motion to dismiss requires the court 

to convert the motion into one for summary judgment. See Fed. R. Civ. P. 12(d). 
That rule, however, has an exception that is relevant here. A court may consider a 
document that is attached to a Rule 12(b)(6) motion to dismiss without converting it 
into a summary judgment motion if the document is referenced in the complaint, if 

it is “central to the plaintiff’s claim,” and if its authenticity is undisputed. Horsley 
v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002). “‘Undisputed’” in this context means 
that the authenticity of the document is not challenged.” Id. 
Attached to Lincoln’s motion are: (1) the long-term disability policy; (2) 
Lincoln’s letter, dated May 8, 2018, notifying Mr. Castleberry that it was ceasing his 

benefits beyond November 4, 2018; (3) Mr. Castleberry’s letter, dated October 2, 
2018, notifying Lincoln that it was appealing Lincoln’s May 8, 2018 denial; and 
(4) Lincoln’s letter, dated March 29, 2019, denying Mr. Castleberry’s appeal. (Doc. 

# 6-1, at 2–68.) These documents are referenced in the complaint and are central to 
Mr. Castleberry’s claims. Additionally, Mr. Castleberry does not dispute the 
authenticity of the documents, and has included (2) and (3), above, with his response 
to Lincoln’s motion to dismiss. Accordingly, the court will consider these 

documents in ruling on Lincoln’s motion to dismiss without converting the motion 
into one for summary judgment.1 
 III. BACKGROUND 

A. The Injury 
On or about February 23, 2016, Plaintiff Daniel Castleberry suffered on-the-
job injuries while working as a truck driver for Virginia Transportation. These 
injuries required him to undergo a cervical fusion on August 2, 2016. Mr. 

Castleberry tried unsuccessfully to return to work in September 2016. Mr. 
Castleberry underwent a functional capacity evaluation on October 24, 2016, which 

1 Mr. Castleberry submits additional exhibits with his response to Lincoln’s motion. Those 
exhibits, while helpful for context and background, are not material for resolving the issue of 
administrative exhaustion. 
indicated that he did not meet the strength or mobility requirements for his position 
as an automobile hauler. 

B. The LTD Policy 
The Lincoln National Life Insurance Company (“Lincoln”) issued a group 
long term disability insurance policy—policy number 000010202236 (“LTD 

Policy”)—to Mr. Castleberry’s employer, Virginia Transportation, effective 
February 1, 2015. (Doc. # 6-1, at 5–6.) The LTD Policy required that prior to 
bringing suit for claims governed by ERISA, the “beneficiary must first seek two 
administrative reviews of the adverse claim decision.” (Doc. # 6-1, at 21.) If the 

first review is denied, the LTD Policy requires the beneficiary to request a second 
review, here, within 180 days of receiving a denial letter for the first review. (Doc. 
# 6-1, at 20; Doc. # 6-1, at 54.) 

At the time Mr. Castleberry sustained his injuries, he had both a short-term 
policy and the LTD Policy through Virginia Transportation. Colonial Life—the 
insurer for the short-term policy—awarded Mr. Castleberry benefits based on an 
annual salary of $129,000. (Doc. # 11.) However, Lincoln—the insurer for the LTD 

Policy—based Mr. Castleberry’s LTD Policy benefits on an annual salary of 
$71,604.80.2 (Doc. # 11-4, at 11.) Mr. Castleberry represents in his brief that he 

2 Virginia Transportation allegedly supplied the salary figures to both insurers. (See, e.g., 
Doc. # 11-4, at 11.) 
disputed this lower salary amount, and twice (on May 30, 2017, and October 2, 2018) 
requested information from Lincoln as to how it had determined the LTD Policy 

benefits. (Doc. # 11, at 2.) Lincoln responded on August 2, 2017, that Virginia 
Transportation had reported Mr. Castleberry’s annual salary as $71,604.80. (Doc. # 
11-4, at 11–12.) 

Lincoln paid Mr. Castleberry LTD Policy benefits of $3,580.24 per month for 
twenty-four months (the “Own Occupation Period”). (Doc. # 11-4, at 11.) Mr. 
Castleberry informed Lincoln that, based on his annual income of $129,000, the 
monthly benefits should have been $5,000 (the maximum covered by the LTD 

Policy). (Doc. # 11, at 5.) 
On May 8, 2018, Lincoln denied Mr. Castleberry’s claim for benefits past the 
first twenty-four months. (Doc. # 6-1, at 50–55.) Pursuant to the second tier of 

benefits—the “Any Gainful Occupation Period”—Lincoln again denied benefits on 
the ground that Mr. Castleberry could work full-time in sedentary work capacities. 
(Doc. # 6-1, at 53.) Lincoln found that Mr. Castleberry could “perform[] work in 
other occupations, even if [he] c[ould] no longer perform [his] Own Occupation,” 

and that, therefore, he “no longer [met] the definition of disability in this policy. . . 
.” (Doc. # 6-1, at 54.) Lincoln denied benefits beyond November 4, 2018. (Doc. # 
6-1, at 54.) 
Mr. Castleberry, through his current counsel, appealed this decision by letter 
dated October 2, 2018. (Doc. # 6-1, at 58.) By letter dated March 29, 2019, which 

was addressed to Mr. Castleberry’s counsel, Lincoln denied the appeal. (Doc. # 6-1, 
at 62–67.) The denial letter set out Mr. Castleberry’s appeal rights, explaining that 
he had exhausted his “first level of appeal” and that he had 180 days to pursue “a 

final administrative appeal.” (Doc. # 6-1, at 66.) Neither the May 8, 2018 denial 
letter nor the March 29, 2019 denial letter addressed Mr. Castleberry’s 
underpayment claim. Mr. Castleberry did not seek further relief from Lincoln within 
180 days. Instead, on December 4, 2019—after the 180 days had expired—Mr. 

Castleberry filed this lawsuit. 
During the pendency of the first administrative review of his claim, Mr. 
Castleberry applied for Social Security Disability benefits within the timeframe that 

the LTD Policy required and received a Fully Favorable decision on November 23, 
2018. (Doc. # 11-2.) The Social Security Administrative Law Judge found that Mr. 
Castleberry was disabled, as defined by the Social Security Act, since July 31, 2016. 
(Doc. # 11-2.) On June 18, 2019, Lincoln claimed that it overpaid Mr. Castleberry’s 

LTD benefits based on Mr. Castleberry’s Social Security Disability award. Mr. 
Castleberry alleges that the “proper amount” of repayment needs to be determined. 
(Doc. # 1.) 
C. Claims in This Lawsuit 
Although Mr. Castleberry’s complaint is not a model of clarity, construed 

liberally, it lays out three ERISA claims pursuant to 29 U.S.C. § 1132(a)(1)(B): first, 
that Lincoln improperly calculated Mr. Castleberry’s LTD benefits based on an 
annual income of $71,604.80, rather than an annual income of $129,000; second, 

that Lincoln wrongfully terminated his LTD benefits; and third, for clarification of 
Mr. Castleberry’s rights pursuant to the ERISA plan as to Lincoln’s claim for 
recovery of overpayments. (See Doc. # 6-1, at 22 (LTD Policy provision governing 
Lincoln’s right of recovery of overpaid benefits due to “the Insured Employee’s 

receipt of Other Income Benefits”).) 
 IV. DISCUSSION 
Lincoln moves to dismiss Mr. Castleberry’s action, arguing that Mr. 

Castleberry failed to exhaust his administrative remedies before filing suit, as the 
LTD Policy and ERISA require. Mr. Castleberry has responded by urging this court 
to excuse exhaustion under the “futility doctrine.” For the reasons discussed below, 
Mr. Castleberry has failed to exhaust his administrative remedies, and the court 

declines to apply the futility doctrine. 
A. Scope of Lincoln’s Motion 
It is important at the outset to point out what Lincoln has not addressed in its 

motion. As explained, in Part III.C., the complaint contains three claims under § 
1132(a)(1)(B).3 Lincoln’s motion seeking dismissal for failure to exhaust addresses 
only Mr. Castleberry’s claim that Lincoln wrongfully terminated his benefits under 

the LTD Policy. Lincoln’s motion does not address Mr. Castleberry’s claim that 
Lincoln underpaid benefits based on errors in how it calculated the LTD benefits. 
Nor does the motion address Mr. Castleberry’s claim for clarification of the amount 

of repayment he owes Lincoln based upon his retroactive award of social security 
disability benefits for the period when he also was paid LTD benefits. Because 
Lincoln’s motion does not address exhaustion as to two of the three claims, this 
action proceeds as to those claims. 

B. Failure to Exhaust 
Mr. Castleberry has failed to exhaust his administrative remedies on his claim 
that Lincoln wrongfully terminated his LTD benefits, as required the LTD Policy 

and ERISA. 
ERISA imposes the following requirements for an internal claims procedure 
for every employee benefit plan: 
In accordance with regulations of the Secretary, every employee 
benefit plan shall – (1) provide adequate notice in writing to any 
participant or beneficiary whose claim for benefits under the plan 
has been denied, setting forth the specific reasons for such denial, 
written in a manner calculated to be understood by the participant, 
and (2) afford a reasonable opportunity to any participant whose 
claim for benefits has been denied for a full and fair review by the 
appropriate named fiduciary of the decision denying the claim. 

3 The court expresses no opinion on the merits of these claims. 
29 U.S.C. § 1133. Therefore, if part or all of a claimant’s benefit claim is denied, 
ERISA directs the policy administrator to provide the claimant adequate and 
understandable written reasons for the denial and to afford a “full and fair review” 

of such denial by an appropriate named fiduciary. § 1133(2). 
Although ERISA does not contain an exhaustion requirement, the Eleventh 
Circuit has adopted the prerequisite of exhaustion of administrative remedies before 

a plaintiff can bring suit under ERISA. See, e.g., Bickley v. Caremark RX, Inc., 461 
F.3d 1325, 1328 (11th Cir. 2006) (“‘The law is clear in this circuit that plaintiffs in 
ERISA actions must exhaust available administrative remedies before suing in 
federal court.’”) (quoting Counts v. Am. Gen. Life & Accident Ins. Co., 111 F.3d 

105, 108 (11th Cir. 1997)). Because exhaustion promotes significant policies, the 
Eleventh Circuit “strictly enforce[s] an exhaustion requirement on plaintiffs bringing 
ERISA claims.” Perrino v. S. Bell Tel. & Tel. Co., 209 F.3d 1309, 1315 (11th Cir. 

2000). 
The LTD Policy requires that Mr. Castleberry pursue two administrative 
reviews of Lincoln’s claim determination before filing suit. (Doc. # 6-1, at 20.) Mr. 
Castleberry appealed Lincoln’s “denial of his disability benefits” in his letter dated 

October 2, 2018. (Doc. # 6-1, at 58.) Lincoln denied the appeal by letter dated 
March 29, 2019. Mr. Castleberry did not submit a second appeal as the LTD Policy 
requires, and since more than 180 days passed prior to Mr. Castleberry filing suit, it 
is temporally impossible for him to do so now. 

Because the LTD Policy required Mr. Castleberry to submit two appeals, and 
he did not (and cannot now timely) do so, Mr. Castleberry failed to exhaust his 
administrative remedies pursuant to 29 U.S.C. § 1133. 

C. The Futility Doctrine 
Mr. Castleberry cursorily argues that under the conditions in Lincoln’s claim 
process, any second administrative appeal would have been futile. (Doc. # 11, at 4–
5.) 

ERISA claimants are excused from exhausting their administrative remedies 
“only in exceptional circumstances,” Perrino, 209 F.3d at 1315, such as “when resort 
to the administrative remedies would be futile, or the remedy inadequate.” Counts 

v. Am. Gen. Life & Accident Ins. Co., 111 F.3d 105, 108 (11th Cir. 1997). However, 
the Eleventh Circuit applies the futility doctrine almost exclusively when an insured 
plaintiff is injured and found medically able to perform the duties of his or her “own 
occupation” (or equivalent language), and then is required to appeal the claims-

denial decision based on an ostensible inability to perform the essential duties of 
“any occupation.” See, e.g., id.; Oliver v. Coca Cola Co., 497 F.3d 1181, 1200–01 
(11th Cir. 2007). 
Dozier v. Sun Life Assurance Co. of Canada, upon which Mr. Castleberry 
relies, illustrates the foregoing application of the futility doctrine. Dozier was 

injured on the job and could no longer work; he had both a long-term disability 
insurance policy and a life insurance policy through Sun Life. Dozier v. Sun Life 
Assur. Co. of Canada, 466 F.3d 532, 533–34 (6th Cir. 2006). The life insurance 

policy included waiver-of-premium benefits for a disabled employee. Id. at 534. 
After Sun Life denied benefits under both policies in separate letters, Dozier sought 
administrative review of the denial of his long-term-disability benefits, which Sun 
Life denied. Id. Per his policy, Dozier had 180 days to appeal either the long-term-

disability or the waiver-of-premium decisions. Id. at 534. Dozier appealed his long-
term-disability claim. Id. Sun Life denied his claim—claiming that Dozier “could 
still perform the material and substantial duties of his own occupation”—at which 

time Dozier still had thirty-two days to seek administrative review of the waiver-of-
premium claim. Id. (emphasis added). 
Dozier sued Sun Life seeking both benefits, and the district court ruled that 
Sun Life had mistakenly denied Dozier’s long-term disability benefits. Id. Dozier 

then asked Sun Life to review his waiver-of-benefit claim, which Sun Life refused 
to do, as the 180-day window had then expired. Id. 
After suing for the waiver-of-premium claim, acknowledging that he did not 

exhaust the administrative remedies available on his claim, Dozier argued that any 
administrative appeal would have been futile given that Sun Life had denied his 
long-term-disability appeal. Id. Dozier argued that while application of the 

administrative exhaustion requirement in an ERISA action is committed to the sound 
discretion of the district court, that discretion must be exercised to excuse non-
exhaustion where resorting to the plan’s administrative procedure would simply be 

futile. Id. (citing Fallick v. Nationwide Mut. Ins. Co., 162 F.3d 410, 418 (6th Cir. 
1998)). 
The Sixth Circuit noted that it applies the futility doctrine in two scenarios: 
(1) when the plaintiff’s suit is directed to the legality of the plan, not to a mere 

interpretation of it, and (2) when the defendant lacks the authority to institute the 
decision sought by plaintiffs. Id. at 535. To meet the “quite restricted” standard for 
establishing administrative futility, plaintiffs are required to make a “clear and 

positive indication” that further administrative review would have been for naught. 
Id. (citing Fallick, 162 F.3d at 419). The Sixth Circuit reasoned that the “clear and 
positive indication” was Sun Life’s denial of Dozier’s long-term disability claim 
based on Sun Life’s determination that Dozier was able to perform “the material and 

substantial duties of his own occupation,” which precluded Dozier from arguing on 
appeal for the waiver-of-premium claim that he was unable to perform the material 
and substantial duties of any occupation (i.e., if Sun Life determined that he could 

still perform his job, Dozier could not then persuade Sun Life that he could not 
perform any job). Id. The Sixth Circuit therefore held that any attempt to appeal 
Sun Life’s denial of the waiver-of-premium benefit would have been futile, and 

reversed and remanded the lower court’s decision. Id. at 537. 
The Eleventh Circuit has cited favorably the “clear and positive” standard. 
See Bickley v. Caremark RX, Inc., 461 F.3d 1325, 1330 (11th Cir. 2006) (“[B]are 

allegations of futility are no substitute for the ‘clear and positive’ showing of futility 
required before suspending the exhaustion requirement.” (citations omitted)). 
In the present case, while submitting an appeal to Lincoln asking it to reverse 
its own judgment in an appeal for denial of benefits may seem to be nothing more 

than essentially asking, “Are you sure?,” Mr. Castleberry has not made a clear and 
positive indication that further administrative review would be for naught. Mr. 
Castleberry’s response to Lincoln’s motion nakedly asserts that “[u]nder the 

conditions created by Lincoln in the claim process, any second administrative appeal 
would have been ‘futile.’” (Doc. # 11, at 5.) 
Furthermore, Dozier (which is not binding on Eleventh Circuit courts) is 
distinguishable. In Dozier, the Sixth Circuit applied the futility doctrine to a separate 

benefit to the one for which Dozier’s appeal was denied, for which the inclusion of 
the first benefit was essentially required (Sun Life would not waive the premium 
claim if it was denying the underlying disability benefits). Here, Mr. Castleberry 

asks the court to apply the futility doctrine to the same benefit that Lincoln 
previously denied. Lincoln did not deny Mr. Castleberry any de facto prerequisite 
benefit to those he brings before the court, so any factual analogy to the waiver-of-

premium benefits in Dozier is misplaced. 
For these reasons, Mr. Castleberry has failed to make a clear and positive 
indication that a second appeal would have been futile, and therefore does not enjoy 

the protection of the futility doctrine. Dismissal will be with prejudice. See 
Garrison v. Lincoln Nat’l Life Ins. Co., 294 F. Supp. 3d 1281, 1296, n.15 (N.D. Ala. 
2018). 
 V. CONCLUSION 

As to his ERISA claim alleging wrongful termination of benefits, Mr. 
Castleberry failed to exhaust his administrative remedies pursuant to the LTD Policy 
and ERISA, and he has not demonstrated exceptional circumstances to excuse the 

circuit’s strict exhaustion requirement. The 180-day period to submit a second 
appeal has expired (making it impossible for Mr. Castleberry to now exhaust his 
administrative remedies before filing suit again). Accordingly, Lincoln’s motion to 
dismiss is due to be granted as to Mr. Castleberry’s ERISA claim alleging wrongful 

termination of benefits pursuant to the LTD Policy. Because Lincoln’s motion does 
not address Mr. Castleberry’s claim for adjusted underpaid benefits, nor Lincoln’s 
claim for overpayment of benefits vis-à-vis Mr. Castleberry’s social security 

disability recovery, these issues remain in contention. 
Accordingly, it is ORDERED that Defendant Lincoln National Life Insurance 
Company’s motion to dismiss (Doc. # 6) is GRANTED with prejudice as to Plaintiff 

Daniel Castleberry’s claim alleging wrongful termination of benefits under the LTD 
Policy. Furthermore, to the extent the motion addresses them, the motion to dismiss 
(Doc. # 6) is DENIED as to Mr. Castleberry’s claims for underpaid benefits, and for 

clarification of his rights pursuant to the ERISA plan vis-à-vis Lincoln’s claim for 
recovery of overpayments. Lincoln’s alternative motion for summary judgment 
(Doc. # 6) is DENIED as moot. 
DONE this 30th day of September, 2020. 

 /s/ W. Keith Watkins 
 UNITED STATES DISTRICT JUDGE