# United States Court of Appeals for the Federal Circuit

---

**ROY E. ANANIA,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1086

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-0180, Senior Judge Mary J. Schoelen.

---

Decided: June 10, 2021

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

SOSUN BAE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by JEFFREY B. CLARK, ROBERT EDWARD KIRSCHMAN, JR.; JULIE HONAN, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before DYK, TARANTO, and STOLL, *Circuit Judges*.

STOLL, *Circuit Judge*.

Roy E. Anania appeals the decision of the United States Court of Appeals for Veterans Claims affirming the decision by the Board of Veterans' Appeals that his substantive appeal was not timely filed. The Veterans Court relied on a bright-line rule holding "a party's own self-serving testimony" per se insufficient to establish the presumption of receipt under the common law mailbox rule. Because we conclude that a party's affidavit may provide credible evidence to satisfy the mailbox rule, and because the Government does not challenge the credibility of the party's affidavit in this case, we reverse.

## BACKGROUND

Mr. Anania served in the United States Army from 1972 through 1975. In July 2008, Mr. Anania filed a claim with the Department of Veterans Affairs (VA) seeking an increased evaluation for the degenerative joint disease of his spine and for his major depressive disorder, and also seeking entitlement to a total disability rating based on individual unemployability (TDIU). In February 2009, the VA issued a rating decision awarding Mr. Anania entitlement to TDIU with an effective date of June 22, 2008, raising his evaluation of major depressive disorder to thirty percent effective October 31, 2006, and to fifty percent effective June 22, 2008. Mr. Anania was notified of this decision on March 3, 2009. Later in March, the VA issued a statement of the case (SOC) that addressed the evaluation of Mr. Anania's major depressive disorder, confirming the rating of thirty percent effective October 31, 2006, and the increase to fifty percent effective June 22, 2008. In September 2009, Mr. Anania filed a Notice of Disagreement (NOD) challenging the effective date of his TDIU award, asserting the correct date was August 1, 2007. On December 4, 2009, the VA issued a SOC denying Mr. Anania's request for an earlier effective date. The December 2009

SOC stipulated that Mr. Anania must file an "appeal with this office within 60 days from the date of this letter or within the remainder, if any, of the one-year period from the date of the letter notifying [him] of the action that [he had] appealed." J.A. 114. As such, Mr. Anania had until March 3, 2010—one year after the date of mailing of the notification of the VA's decision—to file a substantive appeal with the Waco Regional Office of the VA at One Veterans Plaza, 701 Clay Avenue, Waco, TX 76799.

On June 26, 2012, Kenneth Carpenter, counsel for Mr. Anania, sent a letter on behalf of Mr. Anania to the Board of Veterans' Appeals (Board) requesting confirmation that it had docketed Mr. Anania's substantive appeal of the VA's February 2009 rating decision. Mr. Carpenter's letter included a copy of the purported substantive appeal as an exhibit. In March 2013, the Board issued a decision concluding that Mr. Anania failed to timely file his substantive appeal, reasoning that "the claims file does not contain a copy of the Veteran's substantive appeal with evidence of the date of receipt by [the] VA in the claims file." J.A. 168.

Mr. Anania appealed the Board's decision to the Court of Appeals for Veterans Claims (Veterans Court) and, after the parties filed a joint motion for partial remand, the Veterans Court remanded back to the Board so that the Board could remand the matter to the VA for consideration in the first instance. In June 2014, the VA issued a supplemental statement of the case (SSOC) concluding that it had not received from Mr. Anania a timely substantive appeal because the substantive appeal "was not received into VA custody until June 29, 2012." J.A. 193–94. The VA further explained that "[g]iven the presumption of regularity[,[1]]

---

[1]     The presumption of regularity is where, "in the absence of clear evidence to the contrary, courts presume that [public officers] have properly discharged their official

there is no indication in the file or in our computer systems that the attorney's document was in our custody prior to June 29, 2012." J.A. 194.

Mr. Anania again appealed to the Board. In November 2014, Mr. Anania urged the Board to find his substantive appeal timely filed under the common law mailbox rule. In support, Mr. Anania submitted a signed affidavit from his counsel, Mr. Carpenter, alleging that Mr. Carpenter had personally mailed the substantive appeal on January 18, 2010. The affidavit stated, in pertinent part:

> On December 4, 2009, the VA issued a Statement of the Case. On January 18, 2010, I mailed a substantive appeal (in lieu of a VA form 9) to the Regional Office in Waco, Texas.

J.A. 195. As Mr. Anania had until March 3, 2010 to file his appeal, the parties do not dispute that mailing the substantive appeal on January 18, 2010 would have allowed sufficient time for the appeal to be received by the due date. Additionally, the affidavit indicates that the appeal was sent to the correct location, i.e., the Regional Office in Waco, Texas.

In May 2015, the Board again determined that Mr. Anania's substantive appeal was not timely filed. Mr. Anania appealed, and in April 2017, the Veterans Court vacated and remanded the Board's decision for failing to explain why the affidavit of counsel was insufficient to trigger the presumption of receipt under the common law mailbox rule. *Anania v. Shulkin*, No. 15-3413, 2017 WL 1316372, at *3 (Vet. App. Apr. 10, 2017).

In September 2017, the Board once again concluded that Mr. Anania failed to timely file his substantive appeal.

---

duties." *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14–15 (1926).

The Board reasoned that the mailbox rule's presumption of receipt did not attach because Mr. Carpenter's affidavit "amount[ed] to no more than self-serving testimony." J.A. 223. Mr. Anania appealed to the Veterans Court, and this time the Veterans Court affirmed the Board's decision. *Anania v. Wilkie*, No. 18-0180, 2019 WL 3436604, at *4 (Vet. App. July 31, 2019).

Mr. Anania appeals to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292.

## DISCUSSION

"Under the common law mailbox rule, 'if a letter properly directed is proved to have been either put into the post office or delivered to the postman, it is presumed, from the known course of business in the post office department, that it reached its destination at the regular time, and was received by the person to whom it was addressed.'" *Rios v. Nicholson* (*Rios I*), 490 F.3d 928, 930–31 (Fed. Cir. 2007) (quoting *Rosenthal v. Walker*, 111 U.S. 185, 193 (1884)). This presumption "is not a conclusive presumption of law, but a mere inference of fact, founded on the probability that the officers of the government will do their duty and the usual course of business." *Rosenthal*, 111 U.S. at 193 (quoting *Huntley v. Whittier*, 105 Mass. 391, 392 (1870)). If evidence is presented that the letters were never received, the evidence "must be weighed with all the other circumstances of the case, by the [trier of fact] in determining the question whether the letters were actually received or not." *Id.* at 194 (quoting *Huntley*, 105 Mass. at 392).

This appeal asks us to consider whether a party's own self-serving testimony—or that of his counsel—can be used to invoke the common law mailbox rule. The Veterans Court held that it cannot as a matter of law.

We have jurisdiction to "decide all relevant questions of law" in an appeal from a decision by the Veterans Court. 38 U.S.C. § 7292(d)(1). We review legal determinations of

the Veterans Court under a de novo standard. *Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed. Cir. 1991); *see also Hudgens v. McDonald*, 823 F.3d 630, 634 (Fed. Cir. 2016) ("We review statutory and regulatory interpretations of the Veterans Court de novo." (emphasis omitted)).

I

A

This court previously addressed the application of the mailbox rule in appeals to the Veterans Court in *Rios I*. In that case, veteran Rafael Rios claimed that he timely filed a Notice of Appeal (NOA) from the Board's decision reducing his disability rating. *Rios I*, 490 F.3d at 929. The Veterans Court claimed that it never received Mr. Rios's NOA, and thus deemed his appeal untimely. *Id.* at 929–30. As evidence that his appeal was timely filed, Mr. Rios submitted a copy of his original NOA, a copy of a mail logbook maintained by the Puerto Rico Public Advocate for Veterans Affairs (PRPAVA) that contained two notations of mail sent on the alleged date of mailing, and two affidavits from an employee of PRPAVA that stated she personally mailed Mr. Rios's NOA. *Id.* at 930. The Veterans Court nonetheless dismissed his appeal as untimely filed, concluding in part that 38 U.S.C. § 7266(c)(2) "does not authorize the use of extrinsic evidence to show that [Mr.] Rios's NOA was timely filed." *Id.*

On appeal, we held that Congress did not intend to abrogate the common law mailbox rule as it applies to the filing of NOAs with the Veterans Court. *Id.* at 931–32. Because the presumption of receipt under the common law mailbox rule is a rebuttable presumption of fact, we reversed the Veterans Court's judgment and remanded, explaining that the Veterans Court had to make "findings of fact as to whether [Mr.] Rios properly and timely directed his NOA to the Veterans Court." *Id.* at 933. We further explained that, "for the presumption to attach, Mr. Rios must provide evidence demonstrating that his NOA was

properly addressed, stamped, and mailed in adequate time to reach the Veterans Court in the normal course of post office business before the elapse of the 120-day deadline," or, "[i]n lieu of 'direct' proof of mailing, Mr. Rios may also prove the fact of mailing through evidence of mailing custom or routine practice." *Id.*

On remand, the Veterans Court in *Rios v. Mansfield* (*Rios II*) explained that the "presumption of receipt permitted under the common law mailbox rule is not invoked lightly." 21 Vet. App. 481, 482 (2007) (citing *Sorrentino v. IRS*, 383 F.3d 1187, 1191 (10th Cir. 2004)). Rather, according to the Veterans Court, "[i]t requires proof of mailing, such as an independent proof of a postmark, a dated receipt, or evidence of mailing apart from a party's own self-serving testimony." *Id.* (citing *Sorrentino*, 383 F.3d at 1195). The Veterans Court further reasoned that "[t]he independent proof of a postmark may be in the form of business records establishing the mailing, evidence of a course of business regarding mailing, or third party testimony witnessing the mailing." *Id.* at 483. Considering Mr. Rios's evidence, the Veterans Court determined that Mr. Rios timely filed his NOA, finding that he did mail his NOA "well before the end of the 120-day filing period," thereby invoking the presumption of receipt under the common law mailbox rule. *Id.* at 483–84.

In a subsequent case, the Veterans Court rejected a veteran's affidavit as insufficient to establish the presumption of receipt under the common law mailbox rule. *Fithian v. Shinseki*, 24 Vet. App. 146, 151 (2010). To support his claim that he had timely mailed a letter that met the requirements for a motion for reconsideration, *id.* at 150, veteran Jonathan Fithian offered an affidavit that stated: "(1) he mailed the letter first class postage prepaid; (2) he sent the letter to the Board in Washington, D.C.; and (3) he assumed it was delivered," *id.* at 151. Citing *Rios II*, the Veterans Court concluded that the affidavit did not establish that Mr. Fithian mailed the letter. *Id.*

B

In this case, the Board rejected the affidavit from Mr. Anania's counsel, Mr. Carpenter, as per se insufficient. Without examining the credibility of Mr. Carpenter's affidavit, the Board explained that the mailbox rule presumption does not attach to Mr. Anania's filing because "the only evidence cited by the representative as proof of the mailing is his own sworn affidavit," which "amounts to no more than self-serving testimony, as described by the [Veterans] Court in *Rios II*." J.A. 223.

Affirming the Board, the Veterans Court explained that "nothing in this Court's or the Federal Circuit's case law counsels us to hold that simply receiving a sworn affidavit from the appellant's attorney necessitates the per se attachment of the presumption of receipt." *Anania*, 2019 WL 3436604, at *3. Rather, the Veterans Court explained, "the Federal Circuit has held that in order for the presumption to attach, the appellant must provide evidence demonstrating that his filing was properly addressed, stamped, and mailed in adequate time to reach the recipient in the normal course of post office business." *Id.* (emphasis omitted) (citing *Rios I*, 490 F.3d at 930–31). The Veterans Court further reasoned that "evidence requires proof of mailing 'apart from a party's own self-serving testimony.'" *Id.* (quoting *Rios II*, 21 Vet. App. at 482).

The Veterans Court also analogized this case to *Fithian*, explaining "that *Fithian* directly addressed the presumption of receipt, finding that it did not attach in the case because only self-serving testimony was given through affidavit." *Id.* Relying on *Rios I*, *Rios II*, and *Fithian*, the Veterans Court concluded that the Board correctly determined that Mr. Carpenter's affidavit was self-serving, and thus was per se insufficient evidence for the presumption of receipt to attach. *Id.* at *4.

The Government agrees with the Veterans Court's characterization, asserting that "within the framework of

veterans benefits law, bare, self-serving statements do not constitute sufficient evidence." Resp. Br. 7. Accordingly, the Government argues that this court "should not disturb the standard set by the Veterans Court in *Rios II*, which requires evidence apart from a self-serving statement." *Id.*

## C

The common law mailbox rule is a longstanding doctrine that originated from British case law early in the nineteenth century, *Adams v. Lindsell* (1818) 106 Eng. Rep. 250 (KB). It was recognized by the Supreme Court by the end of the nineteenth century. *See Rosenthal*, 111 U.S. at 193; *Patrick v. Bowman*, 149 U.S. 411, 424 (1893). In assessing the correctness of the Veterans Court's bright-line rule against party affidavits, we consider the application of the common law mailbox rule in other circuits.[2] Many of our sister circuits have previously identified evidence sufficient to invoke the presumption of receipt under the rule, and have consistently opted not to apply a per se rule against self-serving testimony.

For example, in *Schikore v. BankAmerica Supplemental Retirement Plan*, the Ninth Circuit confirmed that "a sworn statement is credible evidence of mailing for purposes of the mailbox rule," and a "factfinder must determine whether [the party] has presented sufficient evidence of mailing to invoke the presumption of receipt." 269 F.3d 956, 963–64 (9th Cir. 2001) (citing *Lewis v. United States*, 144 F.3d 1220, 1223 (9th Cir. 1998)). In that case, a Bank of America employee provided "a sworn declaration that she mailed [a] benefit payment election form" as evidence

---

[2]   We note that the common law mailbox rule has become less important over time with the emergence and preference for electronic filing. *See, e.g.*, Fed. R. Civ. P. 5(b)(2)(E) (allowing service by filing papers with the court's electronic-filing system).

of mailing that election form.  *Id.*  In remanding "to the district court to review the administrative record before it, to apply the common law mailbox rule, and to determine whether the Plan received [the employee's] form in a timely manner," the Ninth Circuit did not invoke a per se rule requiring more than self-serving testimony.  *Id.* at 965; *see also United States v. Green*, 745 F.2d 1205, 1208 (9th Cir. 1984) (accepting the Government's testimony that it was "routine . . . for mail in the outgoing basket to be picked up and placed in the United States mail" as "sufficient [evidence] for the jury to determine that the mail was used").

Similarly, the Third Circuit has acknowledged that self-serving affidavits can suffice to establish the presumption of receipt.  In *Lupyan v. Corinthian Colleges Inc.*, employees of Corinthian Colleges provided affidavits as evidence that they had mailed a letter to the plaintiff advising her that her requested leave was designated as leave under the Family and Medical Leave Act.  761 F.3d 314, 317 (3d Cir. 2014).  In assessing the credibility of these affidavits, the Third Circuit explained that "self-serving affidavits signed nearly four years after the alleged mailing date," even with "no corroborating evidence," "implicate the presumption of receipt that arises under the mailbox rule," albeit "a very weak presumption."  *Id.* at 320.

The Fifth Circuit has also concluded that a party's sworn affidavit is credible evidence of mailing for purposes of the mailbox rule.  In *Custer v. Murphy Oil USA, Inc.*, Murphy Oil provided sworn affidavits from both its supervisor of mail services and its benefits analyst stating that "the envelopes were metered for first-class postage and placed in bins for delivery by the United States Postal Service," in addition to a copy of a mailing list identifying the plaintiff's name and mailing address.  503 F.3d 415, 420 (5th Cir. 2007) (internal quotation marks omitted).  In assessing the credibility of this evidence, the Fifth Circuit acknowledged that a "sworn statement is credible evidence of mailing for the purposes of the mailbox rule."  *Id.* (first

citing *Schikore*, 269 F.3d at 964; and then citing *Simpson v. Jefferson Standard Life Ins. Co.*, 465 F.2d 1320, 1323 (6th Cir. 1972)).

The Second Circuit has likewise concluded that party affidavits may be sufficient to establish proof of mailing for purposes of the mailbox rule. In *Meckel v. Continental Resources Co.*, a Citibank employee and Citibank manager provided affidavits as evidence that a notice of redemption was mailed to certain debenture holders. 758 F.2d 811, 814 (2d Cir. 1985). The Second Circuit evaluated the credibility of these affidavits and determined that "[p]roof of mailing of the notice is established by the affidavit of a Citibank employee who 'caused' the notice to be mailed, and by the affidavit and deposition of a Citibank manager who testified about the regular procedures Citibank used to mail notices to debenture holders." *Id.* The court concluded as much notwithstanding the fact that the affidavits and deposition testimony were self-serving. *See id.* The Second Circuit further rejected the notion that the Citibank employee was required to personally mail the notice, explaining that, under New York state law, personal knowledge is not required to establish the mailing. *Id.* at 817.

The Sixth Circuit has left open the question of "whether corroborating evidence is required to support a party's statement that she properly mailed a document," but has nonetheless provided guidance on how to assess the credibility of self-serving testimony. *Laird v. Norton Healthcare, Inc.*, 442 F. App'x 194, 200 (6th Cir. 2011). In *Laird*, an employee provided an affidavit as evidence that she timely mailed an appeal under the Employee Retirement Income Security Act of 1974. The affidavit stated "[t]hat on or about July 2, 2004[,] I prepared and typed on my computer a draft letter of appeal regarding my short term disability claims. . . . This letter was appended to the Complaint as Plaintiff's Exhibit 'B' and was mailed to the address shown thereon." *Id.* at 199. Notably, there was "nothing within Laird's affidavit that state[d] she affixed

sufficient postage or, more critically, when she deposited the letter in the mail." *Id.* at 199. Considering the credibility of Ms. Laird's affidavit, the court concluded that Ms. Laird's "affidavit and exhibit [did] not have the specificity required by the mailbox rule," thus obviating any need to consider whether corroborating evidence was required to support the statements in her affidavit. *Id.* at 200.

In view of these cases, we reject the Veterans Court's rule that self-serving affidavits are per se insufficient to establish the presumption under the mailbox rule. *See Rios II*, 21 Vet. App. at 482 (requiring "proof of mailing, such as an independent proof of a postmark, a dated receipt, or evidence of mailing apart from a party's own self-serving testimony"); *Fithian*, 24 Vet. App. at 151 (rejecting self-serving affidavit evidence as insufficient to establish the presumption of receipt under the common law mailbox rule); *Anania*, 2019 WL 3436604, at *3 (requiring evidence "apart from a party's own self-serving testimony"). Indeed, it seems particularly inappropriate to apply an artificially rigid approach to the assessment of evidence on the factual question of mailing in the area of veterans' benefits law given the absence of a statute commanding such a rule and the pro-claimant, nonadversarial nature of the statutory scheme created by Congress. *See Hodge v. West*, 155 F.3d 1356, 1362 (Fed. Cir. 1998) ("This court and the Supreme Court both have long recognized that the character of the veterans' benefits statutes is strongly and uniquely pro-claimant.").

D

We have also considered the line of tax cases cited by the Veterans Court in *Rios II* to support its view that self-serving testimony alone is not sufficient to invoke the presumption of receipt. The Veterans Court cited *Estate of Wood v. Commissioner*, 909 F.2d 1155 (8th Cir. 1990), *Anderson v. United States*, 966 F.2d 487 (9th Cir. 1992), and

*Sorrentino*, 383 F.3d at 1191. *See Rios II*, 21 Vet. App. at 482–83. While these cases held self-serving testimony alone insufficient to invoke the presumption of receipt, they are inapposite because they deal with the mailbox rule as limited by the Internal Revenue Code (IRC), 26 U.S.C § 7502.[3] Indeed, the Third Circuit recognized the distinction between the common law mailbox rule and the § 7502 mailbox rule in *Philadelphia Marine Trade Ass'n-International Longshoremen's Ass'n Pension Fund v. Commissioner*, 523 F.3d 140 (3d Cir. 2008). As the Third Circuit explained, the "'intra-§ 7502' mailbox rule" is unique to tax cases and affords a presumption of receipt only where the "taxpayer sends the document by registered, certified, or electronic mail" or, in a few circumstances, "where the taxpayer introduced circumstantial evidence of postmark *beyond its own testimony*." *Id.* at 148–49 (emphasis added).

Accordingly, the Veterans Court's reliance on these tax cases to support its view that self-serving testimony alone can never invoke the presumption of receipt is misplaced. In fact, this bright-line proposition was first suggested by the Eighth Circuit in *Wood*, which explicitly limited it to § 7502. 909 F.2d at 1161. In *Anderson*, the Ninth Circuit merely "adopted the Eighth Circuit's decision in *Wood*, . . . interpreting section 7502 as not barring admission of extrinsic evidence." 966 F.2d at 489. And in *Sorrentino*, the Tenth Circuit likewise relied on considerations unique to

---

[3] In August 2011, the Treasury Department promulgated an amended version of Treasury Regulation 26 C.F.R. § 301.7502-1(e), which "makes clear that, unless a taxpayer has direct proof that a document was actually delivered to the IRS, IRC § 7502 provides the exclusive means to prove delivery." *Baldwin v. United States*, 921 F.3d 836, 841–42 (9th Cir. 2019). "In other words, recourse to the common-law mailbox rule is no longer available" under § 7502. *Id.* at 842.

the tax context, with one judge in the majority agreeing that self-serving testimony was insufficient in the context of § 7502, *see* 383 F.3d at 1194 (Baldock, J., delivering the judgment of the court and an opinion) ("Like the Eighth Circuit, I would require more than mere proof of mailing, such as direct proof of postmark which is 'verifiable beyond any self-serving testimony of a taxpayer who claims that a document was timely mailed.'"), and the other judge concluding that the common law mailbox rule did not "survive[] the enactment" of § 7502 at all, *see id.* at 1196 (Hartz, J., concurring in the judgment only and delivering an opinion).  None of these cases suggests that the rule would apply to anything other than tax cases.

After reviewing the decisions of our sister circuits, we conclude that the common law mailbox rule is best understood as not including a per se rule holding party affidavits insufficient.  As we have previously stated, all that is required for the presumption to attach is evidence demonstrating that the mail was "properly addressed, stamped, and mailed in adequate time to reach the [destination] in the normal course of post office business," or, "[i]n lieu of 'direct' proof of mailing, . . . evidence of mailing custom or routine practice."  *Rios I*, 490 F.3d at 933.  The Veterans Court therefore erred in applying a per se rule to find Mr. Carpenter's affidavit insufficient.

II

Having concluded that the Veterans Court erred in holding Mr. Carpenter's affidavit per se insufficient to invoke the common law mailbox rule, we next consider whether the Government raised any other challenges to the affidavit.  We note that the Government never challenged the credibility of the substance of Mr. Carpenter's statement.  Namely, the Government does not assert that the appeal Mr. Carpenter mailed was not properly addressed, stamped, and mailed in adequate time to reach its destination.  *See Rios I*, 490 F.3d at 933.  Indeed, the Government

concedes that a letter mailed on January 18, 2010 would have arrived on time. Oral Arg. at 13:04–13:33, http://oralarguments.cafc.uscourts.gov/default.aspx?fl=20-1086_12072020.mp3.

We also do not understand the Government to challenge the credibility of Mr. Carpenter's testimony based on the amount of time elapsed between the mailing and the affidavit. Indeed, the Government indicated that it did not contend that it was unusual that Mr. Anania did not follow up with the Board for a couple of years. Oral Arg. at 14:07–14:22. Instead, the Government merely noted the length of time between mailing and the affidavit to counter the supposed argument that there is a per se rule that, no matter the circumstances (i.e., time between mailing and affidavit), a statement from a party's representative is always sufficient for the presumption of receipt to attach. *Id.* at 14:22–15:02.

The Government does seem to argue that Mr. Carpenter's affidavit is conclusory. Resp. Br. 23 ("Without more, the conclusory statements provided in the affidavit are insufficient to establish proof of mailing by circumstantial evidence of mailings and practices."). Whether testimony is conclusory presents a legal question within our purview. *See, e.g.*, *TQ Delta, LLC v. Cisco Sys., Inc.*, 942 F.3d 1352, 1358–1362 (Fed. Cir. 2019) (determining that certain expert testimony was conclusory and thus inadequate to support the Board's factfinding regarding motivation to combine); *Pure Gold, Inc. v. Syntex (U.S.A.), Inc.*, 739 F.2d 624, 627 (Fed. Cir. 1984) (determining that certain attorney argument was merely conclusory and so did not raise a genuine issue of material fact). We hold that Mr. Carpenter's testimony is not conclusory for purposes of demonstrating that the substantive appeal was properly addressed, stamped, and mailed in adequate time to reach the VA. In his affidavit, Mr. Carpenter expressly stated that his mail was properly addressed "to the Regional Office in Waco, Texas." J.A. 195. Though his statement does

not say that he put on postage, putting on postage is inherent in his statement that he "mailed a substantive appeal." *Id.* Finally, mailing the substantive appeal on January 18, 2010 is more than adequate time to reach the VA before the filing deadline of March 3, 2010, a point conceded by the Government.

## CONCLUSION

For the foregoing reasons, we reverse the Veterans Court's holding that Mr. Carpenter's affidavit was insufficient to invoke the presumption of receipt under the mailbox rule.

## **REVERSED**