NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**LOUANN WOLFE,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

———————————

2020-2317

———————————

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-519, Chief Judge Margaret C. Bartley, Judge Coral Wong Pietsch, Judge Joseph L. Falvey, Jr.

———————————

Decided:  October 26, 2021

———————————

HAROLD HAMILTON HOFFMAN, III, Veterans Legal Advocacy Group, Arlington, VA, argued for claimant-appellant.  Also represented by MEGAN EILEEN HOFFMAN.

ASHLEY AKERS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee.  Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, MARTIN F.

HOCKEY, JR., JOSHUA E. KURLAND; JONATHAN KRISCH, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before PROST, REYNA, and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge.*

LouAnn Wolfe appeals the decision of the Court of Appeals for Veterans Claims to dismiss her appeal from the Chairman of the Board of Veterans' Appeals' denial of her motion for reconsideration under 38 C.F.R. § 20.1000. Because Ms. Wolfe's request for Board reconsideration does not satisfy any of the bases for reconsideration, we affirm.

BACKGROUND

James Wolfe served in the U.S. Marine Corps from 1967 to 1969 and legally married Ms. Wolfe on February 4, 2010, after having lived together for ten years. In May 2010, Mr. Wolfe divorced another woman based on his belief that he may have been previously married to her. Mr. Wolfe passed away on August 9, 2010, and the Department of Veterans Affairs (VA) informed his estate of the potential benefits available to his eligible survivors. In October 2010, Ms. Wolfe submitted her claim for dependency and indemnity compensation, death pension, and accrued benefits. The VA denied Ms. Wolfe's claim—citing 38 C.F.R. § 3.54(b)(2)—because "a spouse (whether with a marriage certificate, or as common law) must have been 'married' to the veteran for one year or more prior to his death in order to establish her entitlement to death benefits." J.A. 315. The VA determined that Mr. and Ms. Wolfe's marriage occurred only after his May 2010 divorce, and therefore they were not married for the requisite one year.

Ms. Wolfe appealed to the Board, arguing that Mr. Wolfe was not, in fact, previously married and

submitting an unsigned marriage license as evidence. In May 2014, the Board determined that Ms. Wolfe was not eligible for benefits as a surviving spouse because "the probative credible evidence of record reflects that the appellant and the Veteran did not enter into a common law marriage until his previous marriage was dissolved on May 10, 2010," and thus "the couple was not married for at least one year prior to the Veteran's death." J.A. 42. In June 2016, Ms. Wolfe sought reconsideration of the Board's May 2014 decision. Ms. Wolfe provided a copy of a December 2014 State of Oklahoma order vacating the divorce decree from Mr. Wolfe's purported previous marriage, explaining that Mr. Wolfe was fraudulently induced into believing that he was married. J.A. 130. Ms. Wolfe argued that the Board's decision was "based on fraudulent documents created by the fraudulent acts that were out of the control of the veteran or the claimant." J.A. 128–29.

The Board Chairman denied reconsideration because 38 C.F.R. § 20.1000[1] permits reconsideration in only three circumstances: (a) upon allegation of obvious error of fact or law; (b) upon discovery of new evidence in the form of relevant records or reports of the service department concerned; or (c) upon allegation that an allowance of benefits by the Board has been materially influenced by false or fraudulent evidence submitted by or on behalf of the appellant. The Chairman explained that § 20.1000(a), (b), and (c) were not satisfied because: (a) the Board weighed the evidence in the record at the time; (b) the new evidence vacating the divorce did not consist of service department records; and (c) there was no allowance of benefits in this case. J.A 32–33.

---

[1]    38 C.F.R. § 20.1000 was effective until February 2019 when it was redesignated as § 20.1001. VA Claims and Appeals Modernization, 84 Fed. Reg. 190, 191 (Jan. 18, 2019).

Ms. Wolfe appealed the denial of reconsideration to the Veterans Court, asserting among other things that the Board Chairman did not have discretion to deny reconsideration where a benefits denial was based on fraud. J.A. 5–7. The Veterans Court concluded that because benefits denied due to fraud are not specifically identified as changed circumstances under § 20.1000, it did not have jurisdiction to review the denial of her motion for reconsideration. Ms. Wolfe appeals the Veterans Court's decision. We have jurisdiction under 38 U.S.C. § 7292(a).

## DISCUSSION

We may "decide all relevant questions of law" in an appeal from a decision of the Veterans Court. *Anania v. McDonough*, 1 F.4th 1019, 1022 (Fed. Cir. 2021) (quoting 38 U.S.C. § 7292(d)(1)). We review the Veterans Court's legal determinations de novo. *Id.*

Ms. Wolfe raises two narrow issues on appeal. First, she argues that § 20.1000(c) is an unlawful interpretation of 38 U.S.C. § 7103, the statutory provision granting the Board authority to reconsider a decision, because Congress intended the VA to correct decisions based on fraud in all instances, not just in those instances where benefits are granted based on fraud. Section 7103, titled "Reconsideration; correction of obvious errors," states:

(a) The decision of the Board determining a matter under section 7102 of this title is final unless the Chairman orders reconsideration of the decision in accordance with subsection (b). Such an order may be made on the Chairman's initiative or upon motion of the claimant.

(b) (1) Upon the order of the Chairman for reconsideration of the decision in a case, the case shall be referred—

(A) in the case of a matter originally decided by a single member of

the Board, to a panel of not less than three members of the Board; or

(B) in the case of a matter originally decided by a panel of members of the Board, to an enlarged panel of the Board.

(2) A panel referred to in paragraph (1) may not include the member, or any member of the panel, that made the decision subject to reconsideration.

(3) A panel reconsidering a case under this subsection shall render its decision after reviewing the entire record before the Board. The decision of the panel shall be made by a majority vote of the members of the panel. The decision of the panel shall constitute the final decision of the Board.

(c) The Board on its own motion may correct an obvious error in the record, without regard to whether there has been a motion or order for reconsideration.

*Id.*

We are not persuaded. Section 7103 does not mandate the circumstances under which the Board must order reconsideration. While the title includes the phrase "correction of obvious errors," the body of the provision does not delineate the meaning of "obvious errors." As such, the statute leaves a gap for the agency to fill, and the VA has discretion to enumerate the circumstances under which the Board will grant reconsideration. *See Chevron U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843–44 (1984). We are required under *Chevron* to "defer[] to the VA's reasonable interpretation of a statutory provision . . . when the law leaves 'a gap for an agency to fill.'" *Gallegos*

*v. Principi*, 283 F.3d 1309, 1312 (Fed. Cir. 2002) (quoting *Chevron*, 467 U.S. at 843).

Ms. Wolfe next asserts that even if the regulation is statutory gap filling, the VA must not fill the gap in a way that is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law, as it did here. In particular, Ms. Wolfe asserts that "§ 20.1000(c) is contrary to law because it is not pro-claimant." J.A. 15; *see* Appellant's Br. 15, 18. We are not persuaded. As we have previously explained, "we must take care not to invalidate otherwise reasonable agency regulations simply because they do not provide for a pro-claimant outcome in every imaginable case." *Sears v. Principi*, 349 F.3d 1326, 1331–32 (Fed. Cir. 2003). While section (c) is not in every circumstance pro-claimant, the regulation as a whole is generally consistent with the pro-claimant policy, offering rehearing for the benefit of the veteran in circumstances including obvious factual error, which Ms. Wolfe did not preserve on appeal.

Finally, Ms. Wolfe asserts that the Veterans Court misinterpreted § 20.1000 by holding that its list of reasons for reconsideration in subsections (a), (b), and (c) are exhaustive; she argues that the Board may allow reconsideration in circumstances other than those so specified. We disagree. The regulation is clear on its face—§ 20.1000 authorizes reconsideration in only three specific circumstances: (1) obvious legal or factual error; (2) new and material service department records; or (3) false or fraudulent evidence influencing an allowance of benefits.

## CONCLUSION

For the reasons above, we affirm the decision of the Veterans Court.

## AFFIRMED

WOLFE v. MCDONOUGH                                                    7

COSTS

No costs.