NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**MARY LOUISE SULLIVAN, ELNORA A. MARVIN, MARQUETTA G. BROWN, ALL SUBSTITUTED FOR DANIEL J. WILLIAMS,**
*Claimants-Appellants*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

_____

2021-1459

_____

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-4168, Judge Joseph L. Toth.

_____

Decided:  August 11, 2022

_____

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimants-appellants.

EVAN WISSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee.  Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY; CHRISTINA LYNN GREGG, BRIAN D. GRIFFIN,

Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before REYNA, CHEN, and STARK, *Circuit Judges.*

CHEN, *Circuit Judge.*

Ms. Mary Louise Sullivan *et al.*, substituting for Mr. Daniel J. Williams, appeal the decision of the United States Court of Appeals for Veterans Claims (Veterans Court) affirming a decision of the Board of Veterans' Appeals (Board) denying service connection for Mr. Williams's schizophrenia. *Williams v. Willkie*, No. 19-4168, 2020 WL 5792175, at *1 (Vet. App. Sept. 29, 2020). Appellants argue the Veterans Court legally erred by misconstruing the relationship between 38 U.S.C. § 1111 and 38 U.S.C. § 1153. Specifically, Appellants argue the Veterans Court erroneously "relied upon a legal standard that effectively placed the burden on the veteran to show that a preexisting condition had increased in severity while on active duty" and improperly conflated the "presumption of soundness" under § 1111 with the "presumption of aggravation" under § 1153. Appellants' Br. 4, 11. Because the Veterans Court correctly interpreted the relevant statutes in accordance with the statutory language and our precedent, we *affirm*.

We have jurisdiction under 38 U.S.C. § 7292 and review the Veterans Court's statutory interpretation de novo. *Anania v. McDonough*, 1 F.4th 1019, 1022 (Fed. Cir. 2021); *Hudgens v. McDonald*, 823 F.3d 630, 634 (Fed. Cir. 2016).

Section 1111 sets forth the "presumption of soundness" whereby, in the course of assessing a veteran's entitlement to disability compensation, "every veteran shall be taken to have been in sound condition when examined, accepted, and enrolled for service except . . . where clear and unmistakable evidence demonstrates that the injury or disease existed before acceptance and enrollment and was not aggravated by such service." In other words, "the government

must show clear and unmistakable evidence of *both* a preexisting condition *and* a lack of in-service aggravation" to establish that a veteran entitled to the presumption does not have a service-connected disability. *Wagner v. Principi*, 370 F.3d 1089, 1096 (Fed. Cir. 2004) (emphases added). Section 1153 guides the analysis of the second prong of § 1111 requiring that the condition "was not aggravated." Specifically, § 1153 explains that in-service aggravation occurs when "there is an increase in disability during [] service." If there is such an increase, the veteran is entitled to a "presumption of aggravation," that is, a presumption that the veteran's service aggravated the condition. The government can overcome this presumption by demonstrating, again by clear and unmistakable evidence, "that the increase in disability is due to the natural progress of the disease." § 1153; *Wagner*, 370 F.3d at 1096. To ultimately overcome the presumption of soundness, therefore, the *government* must show: (1) a preexisting condition; and (2) lack of in-service aggravation, which the government can establish by showing that the increase in disability is due to natural progression and not service.

The Veterans Court correctly interpreted both statutes, consistently and properly requiring the government to overcome both presumptions with clear and unmistakable evidence. The Veterans Court began by properly applying the presumption of soundness because "[Mr. Williams's] entrance examination did not note the presence of schizophrenia or any other psychiatric abnormalities." *Williams*, 2020 WL 5792175, at *3. The Veterans Court ultimately found that the government overcame the presumption under a correct interpretation of the statutes that tracks our analysis above. First, the Veterans Court found that the government satisfied the first prong of § 1111 with clear and unmistakable evidence that Mr. Williams's schizophrenia preexisted service. *Id.* The Veterans Court next analyzed the second prong: whether Mr. Williams's condition was aggravated by service. *Id.* at *4. The

Veterans Court found the government met its burden by presenting clear and unmistakable evidence that any worsening of Mr. Williams's condition was attributable to the "ongoing ebb and flow of symptoms" consistent with "a classic presentation of schizophrenia." *Id.* (internal quotations marks omitted). This demonstrates that the Veterans Court, both in explanation and in practice, correctly interpreted both § 1111 and § 1153, as well as the relationship between the two.

We also disagree with Appellants' argument that the Veterans Court improperly placed the burden on Mr. Williams to demonstrate an increase in disability under § 1153. Appellants' Br. 6–7; Oral Arg. at 3:48–4:14. This challenge is based on the Veterans Court's citation to *Davis v. Principi*, 276 F.3d 1341, 1347 (Fed. Cir. 2002), where we found that a veteran had not established entitlement to a presumption of aggravation. However, the Veterans Court relied on *Davis* only for its useful description of the definitional portion of § 1153, namely, that "increase in disability" in that statute "refers to 'an overall worsening of the disability rather than any observable increase in disability, irrespective of temporal duration.'" *Williams*, 2020 WL 5792175, at *4 (quoting *Davis*, 276 F.3d at 1344). Appellants' contention, at bottom, is that any citation to *Davis* necessarily means that the Veterans Court placed the burden on the veteran to show an increase in disability. That asserted reading of the Veterans Court opinion is meritless. As explained above, because the Veterans Court found that Mr. Williams was entitled to the presumption of aggravation (unlike the veteran in *Davis*), the Veterans Court then correctly required the government to show lack of in-service aggravation. *Id.*

Because we agree with the Veterans Court's statutory interpretation, we affirm.

## CONCLUSION

We have considered Appellants' remaining arguments

and do not find them persuasive.  For the foregoing reasons, we affirm the decision of the Veterans Court.

**AFFIRMED**